THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS DONNELLY,<br>On behalf of himself and others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>EQUITYEXPERTS.ORG, LLC<br><br>        Defendant. | Case No. 4:13-CV-10017-TGB-RSW |

## FINAL ORDER AND JUDGMENT

On January 3, 2013, Thomas Donnelly ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against EquityExperts.org, LLC in the United States District Court for the Eastern District of Michigan, Case No. 4:13-CV-10017-TGB-RSW, asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

EquityExperts.org, LLC ("Defendant") has denied any and all liability alleged in the Lawsuit.

On July 7, 2014, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On July 21, 2014, the Parties filed the Settlement Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453,

and 1711-1715, Defendant caused to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all fifty states and the five U.S. territories.

On September 26, 2014, upon consideration of Plaintiff's Unopposed Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Thomas Donnelly as the Class Representative; (iv) appointed Michael L. Greenwald of Greenwald Davidson PLLC as Class Counsel; (v) appointed Ronald S. Weiss as Liaison Counsel for the Class and, (vi) set the date and time of the Settlement Approval Hearing.

On December 30, 2014 the Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On January 14, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> all persons located in the State of Michigan who, between January 4, 2012 and January 3, 2013, were sent an initial written communication by EquityExperts.org, LLC in connection with an attempt to collect a consumer debt (the "Class Members").

3. Defendant represents that there are 412 Class Members.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Thomas Donnelly as the Class Representative and Michael L. Greenwald of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g., Ritchie v. Van Ru Credit Corp.*, No. 2:12–CV–01714–PHX–SMM, 2014 WL 3955268, at *1 (D. Ariz. Aug. 13, 2014) (appointing Greenwald Davidson PLLC as class counsel and granting final approval of class action settlement). Ronald S. Weiss of the Law Offices of Ronald S. Weiss is certified as Liaison Counsel.

5. **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D. The Plaintiff has fairly and adequately represented and protected the interests of all of the Class Members;

    E. Class Counsel—Michael L. Greenwald of Greenwald Davidson Radbil PLLC—has represented and protected the interests of all of the Class Members;

    F. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class. *See UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (setting forth factors that govern the inquiry of whether a class action settlement is fair, reasonable and

adequate).

        8.     **SETTLEMENT TERMS** – The Settlement Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

        A.     <u>Settlement Fund</u> – Defendant shall establish a $260,000.00 Settlement Fund (the "Settlement Fund").

        B.     <u>Deductions</u> - The following shall be deducted from the Settlement Fund before any other distributions are made:

        a.     The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify class members;

        b.     Plaintiff's attorneys' fees, in the amount of $90,000.00, and Plaintiff's costs and expenses, in the amount of $5,947.58; and

        c.     The Incentive Payment to Thomas Donnelly. Class Representative Thomas Donnelly shall receive the sum of $3,000.00 as acknowledgment of his role in prosecuting this case on behalf of the Class Members.

        C.     <u>Settlement Payment to Class Members</u> - Each Class Member who has not excluded him or herself from the Class with a postmark date no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall receive $50.00 plus a pro rata share of the remainder of the settlement fund based on the amount such Class Member paid to Defendant for Defendant's fees and costs. Each settlement check will be void sixty (60) days after mailing. To the extent that any funds remain in the Settlement Fund

after the void date (from uncashed checks or otherwise), these funds will be redistributed to Class Members if such a distribution, after the associated costs are deducted, will allow for additional payments of at least $5.00. Otherwise the remaining funds will be paid to a to-be-determined *cy pres* recipient.

9. **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement. While no Class Members made valid and timely requests for exclusion, an exclusion request was submitted by Dale and Anita Ernst, who do not appear to be members of the Class. In any event, Dale and Anita Ernst are excluded from the class and settlement and are not bound by this order.

10. This Order is binding on all Class Members; except Dale and Anita Ernst, who validly and timely excluded themselves from the class.

11. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

12. The Lawsuit is hereby dismissed with prejudice in all respects.

13. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

14. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the

administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

15. The Incentive Payment to Thomas Donnelly, in the amount of $3,000.00, is approved.

16. Plaintiff's attorney fee request of $90,000.00 is approved.

17. Plaintiff's request for reimbursement of costs and expenses of $5,947.58 is approved.

## ORDER

IT IS SO ORDERED.

Dated: January 14, 2015            s/Terrence G. Berg
                                   TERRENCE G. BERG
                                   UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on January 20, 2015, using the CM/ECF system, which will send notification to each party.

                                   s/A. Chubb
                                   Case Manager